## APPEAL OF S. B. SMYTHE CO.

Docket No. 3778. Decided July 23, 1926.

The evidence does not show that the taxpayer ascertained, during the year 1920, a debt in the amount of $60,353.02 to have been worthless.

*A. M. Oliver, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

from the disallowance of a deduction taken for a bad debt in the amount of $60,353.02.

## FINDINGS OF FACT.

The taxpayer is a West Virginia corporation with its principal office and place of business at Pittsburgh, Pa. It is engaged in the construction engineering business. It entered into an agreement with the International Steel Tube Co., of Cleveland, Ohio, in January, 1920, according to the terms of which it was to construct two furnaces for that company at a price of $105,000, payable on a monthly estimate basis of 90 per cent of the amount of labor and material on the job.

The taxpayer commenced work under the contract early in 1920 and substantially completed the contract prior to the close of the year. It charged on its books of account against the company the sum of $94,500, which was 90 per cent of the total amount due under the contract. The balance, $10,500, was never charged on the books of the taxpayer, for the reason that within 30 days after the contract was completed the taxpayer considered the account worthless.

The monthly estimates on account of work done and material furnished, which fell due on July 31, August 31, and September 30, 1920, were paid by the debtor company, the last payment on account of which was made on October 30, 1920. The balance of the estimates for the work done and material furnished, amounting to $60,353.02, was not paid in accordance with the terms of the contract.

The taxpayer discovered in November, 1920, at which time it attempted to put a mechanics' lien upon the furnaces, that the ground upon which the furnaces were erected was not owned by the debtor company but that it was held by it under a lease.

Subsequent to December 31, 1920, and between January 6 and February 19, 1921, the taxpayer paid $2,478.83 on account of labor and material furnished upon the contract. Of this total, $2,206.75 was for labor and $272.08 for material. These amounts represented the cost of services performed in cleaning up and the cost of certain castings for replacement.

The minutes of a regular meeting of the board of directors of the taxpayer, held January 26, 1921, provide:

No statement in detail as to the financial condition of the company can be made at this time, by reason of the audit to be made by Ernst and Ernst not as yet being completed.

The minutes of a special meeting of the board of directors, held February 10, 1921, read in part as follows:

The object of this meeting was for the purpose of determining the status and condition of a contract with the International Steel Tube Company, Cleveland, Ohio, Contract No. 8200, and after full discussion, it was *determined* that

the balance due from said company should not be considered as Income or Profits for the calendar year ended December 31, 1920. After due consideration and discussion of the matter, the following Resolutions were presented and unanimously adopted by an affirmative vote of all the Directors present of the company.

Whereas, It Was Further Resolved, that the amount of $60,353.02, the balance shown on the books due from the International Steel Tube Company of Cleveland, Ohio, Contract No. 8200, shall not be considered as Income or Profits when filing statement as to the United States Government for Taxes for Revenue purposes, owing to the fact that the financial standing and ability to pay by said International Steel Tube Company is doubtful and impossible and is therefore a bad debt and total loss as of December 31, 1920, hence the reason why this amount was not included as income in accordance with statement rendered to the United States Internal Revenue Department.

It Was Further Resolved, that should any recovery of payment be made by the International Steel Tube Company during the calendar year ending December 31, 1921 or at any other period, that said amounts recovered or payments made by said company in liquidation of the debt shall be so reported to the United States Internal Revenue Department as Income and Profit derived during the calendar year, which ended December 31, 1920, and which was reported during said year as a total loss and uncollectible debt.

The certified public accountants who made an audit of the taxpayer's books for 1920, in January, February, or March, 1921, reported the account against the International Steel Tube Co. as an account receivable. In their audit they state:

In accordance with instructions received, we do not correspond with companies customers for the purpose of verifying the accuracy of book records pertaining to their accounts.

No provision has been made on the books of the company in the preparation of this report for shrinkage in the value of this asset due to items doubtful of collection, etc.

The books of account of the taxpayer show the account against the International Steel Tube Co., in the amount of $60,353.02, as charged to profit and loss under date of December 31, 1920.

In February, 1921, the debtor company advised the taxpayer that it anticipated a possibility of interesting further capital and gave the taxpayer its notes in a total amount of $25,000, on account of which there was paid the sum of $11,500 on various dates during the years 1921 and 1922. The balance of the said amount due the taxpayer was never paid and in 1923 the debtor company was adjudged a bankrupt and the taxpayer never recovered anything on account of the debt.

OPINION.

SMITH: The Revenue Act of 1918 permits a corporation to deduct from gross income in its tax return " debts ascertained to be worthless and charged off within the taxable year." In the instant appeal

the taxpayer contends that the debt owed to it by the International Steel Tube Co., in the amount of $60,353.02, was ascertained to be worthless during that year and was charged off within the taxable year. We are satisfied from the evidence of record that the debt was not ascertained to be worthless and was not charged off the books of account within the year 1920. The taxpayer took corporate action in 1921 and determined the debt to be worthless at that time. Although the debtor was financially embarrassed at the close of 1920, together with a great many other corporations, it apparently still had hopes of obtaining financial assistance which would put it on its feet again. *Appeal of Alemite Die Casting & Mfg. Co.*, 1 B. T. A. 548; *Appeal of The Murchison National Bank*, 1 B. T. A. 617; *Appeal of Carl Muller*, 4 B. T. A. 169.

*Judgment for the Commissioner.*